# Johnson v. Mid America Management Corp.

*David Levenberg*, for plaintiff.

*M. Scott Gemberling*, for defendant Joseph McCawley

*Timothy F. Sullivan*, for defendant Mid America Management Corp.

BLOOM, *J.*, September 10, 1982—The matter now before this court is a motion to dismiss filed on behalf of defendants. The matter involves a suit for injuries sustained in a slip and fall. The complaint was originally filed on October 18, 1979 in the Court of Common Pleas of Philadelphia County. Pursuant to preliminary objections, the matter was transferred to Delaware County on May 21, 1980. The docket entries provide the following information:

1. October 15, 1980, plaintiff filed answers to defendant's interrogatories.

2. September 25, 1980, defendant McCawley filed an answer.

3. December 11, 1980, defendant Mid America filed its answer.

4. December 16, 1981, plaintiff filed interrogatories to defendants.

5. April 20, 1982, defendants filed request for admissions.

6. April 26, 1982, plaintiff replied to defendants' request for admissions.

7. June 23, 1982, defendant McCawley filed his motion to dismiss.

8. June 30, 1982, defendant Mid America filed its motion to dismiss.

Defendants' contention is that pursuant to Local Rule 212.1 of Delaware County Rules of Civil Procedure, plaintiff has 240 days in which to file a certificate of readiness or to file for an extension of time.

Plaintiff contends that this rule is not applicable and since plaintiff's counsel was ill, he should be excused.

Therefore, the issue to be decided is whether this action should be dismissed for want of prosecution.

We are aware of no cases on this subject. Therefore, we look to Local Rule 212.1. It is clear from reading this rule that plaintiff has a duty to file a certificate of readiness or to file for an extension of time. The only excuse given is that the attorney for plaintiff suffered a heart attack and was disabled from January 25, 1981 through December 15, 1982. We are, of course, sympathetic to plaintiff's position however it is clear from reading defendants' motion to dismiss that while Mr. Dion was incapacitated, they had continuously dealt with Mr. David Levenberg of Mr. Dion's office. Accordingly, we cannot see how Mr. Dion's illness affected this case.

Though we do not hasten to dismiss actions when an occasion such as this arises where the date of the accident is more than four years ago and witnesses

have moved from the area, this court must find that plaintiff has failed to prosecute his case.

Therefore, we enter the following

## ORDER

And now, September 10, 1982, after presentation of testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that plaintiff's complaint is dismissed without prejudice.